FILED

May 24, 2018

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 10:28 AM



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Stephanie Hambrick,<br>Employee, | ) | Docket No. 2017-06-1119 |
| v. | ) | |
| United Parcel Service, Inc.,<br>Employer, | ) | State File No. 44616-2017 |
| And | ) | |
| Liberty Mutual Ins. Co.,<br>Carrier. | ) | Judge Kenneth M. Switzer |

---

## EXPEDITED HEARING ORDER

---

Stephanie Hambrick filed a Request for Expedited Hearing seeking medical and temporary disability benefits. This Court held a hearing on May 22, 2018. The central focus of this case is whether Ms. Hambrick suffered an injury arising primarily out of and in the course and scope of her employment at United Parcel Service. A secondary consideration is whether UPS should pay Ms. Hambrick's medical bills and whether she missed work due to the injury, entitling her to temporary disability benefits. The Court holds her injury arose primarily out of and in the course and scope of her employment and she is entitled to medical benefits. However, on the present record, the Court is unable to order payment of medical bills or to award temporary disability benefits.

### History of Claim

Ms. Hambrick works as a sorter for UPS. She testified that on May 9, 2017, a coworker/"bagger" pushed a package out of a bin that hit her above her right eye. Ms. Hambrick stated that the package weighed five pounds. She testified that she "hollered" and told part-time supervisor Brooke Maness that she had "just been hit in the face with a box." She overheard Ms. Maness radio the full-time supervisor, Deana Storey, about the incident.[1]

---

[1] Despite the involvement of Ms. Storey in the majority of the conversations alluded to throughout the hearing, UPS failed to call Ms. Storey as a witness, even though her name appeared on the witness list, and it offered no reason for her absence. Thus, Ms. Hambrick's entire testimony about her interaction

1

According to Ms. Hambrick, she felt pain, dizziness, and nausea after the package struck her. On Ms. Maness' suggestion, Ms. Hambrick went to the restroom to wash her face, where she suddenly began vomiting. While still in the restroom, she texted Ms. Storey to tell her what happened and request help, but no one came to her assistance. Afterward, Ms. Hambrick reported the injury directly to Ms. Storey three times, but Ms. Storey failed to prepare a First Report of Injury or offer medical treatment.

UPS did not contest that a package struck Ms. Hambrick in the head, but it contended the incident did not result in the need for treatment. Ms. Maness testified that she saw a package fall to the floor, and that she picked it up with her thumb and index finger. According to Ms. Maness, it weighed less than a cell phone, although she did not know the exact weight. She stated that Ms. Hambrick said she was okay after the box hit her; Ms. Hambrick denied this. Ms. Maness could not recall whether Ms. Hambrick was crying after the incident. According to Ms. Maness, Ms. Hambrick was not in any apparent distress to cause Ms. Maness to believe she was injured. Ms. Maness said that after May 12, Ms. Hambrick told her she had greater light sensitivity, more headaches, and dizziness. Ms. Maness could not recall whether Ms. Hambrick said she threw up but acknowledged that later in the day on May 9, Ms. Hambrick said her head hurt.

After her shift ended, Ms. Hambrick sought treatment at NorthCrest Medical Center. Notes from the visit state, "Head injury May 1, CT scan neg. Today was [h]it in head with packedge [sic]. [N]ausea and vomiting and dizzyness [sic]."[2] Providers diagnosed a closed-head injury with concussion and advised her to see her primary care physician in two or three days. Ms. Hambrick did not introduce medical records from any follow-up visits.

Ms. Hambrick did not report to work the following day but returned on May 11. She again told Ms. Storey that a box hit her on her forehead and that she needed treatment, but Ms. Storey did nothing in response. Later in the day, Ms. Hambrick spoke with the business manager, Tyrone Foxworth, to explain her absence the previous day. She told him a package hit her on her forehead and she went to the emergency room after her shift. She also gave him paperwork from the May 9 treatment.

In response to his questions, Ms. Hambrick confirmed to Mr. Foxworth that an assault occurred on May 1 after which she received treatment. He asked her to bring him the records from the May 1 treatment, which she did the following day. Those records revealed that Ms. Hambrick suffered a corneal abrasion, skin irritation and hematoma of her frontal scalp from that assault but not a concussion. Mr. Foxworth stated that he read the May 1 records.

---

with Ms. Storey was uncontradicted.

[2] Ms. Hambrick visited the same emergency room on May 1 after an altercation. Records from the visit are contained within Exhibit 2.

Mr. Foxworth testified that on May 11, Ms. Hambrick told him about the May 9 injury and that she reported it to Ms. Storey. After their discussion, he spoke with Ms. Storey to investigate. He testified that Ms. Storey told him about the May 1 assault and the May 9 work incident, but Ms. Storey said the injury related to the assault. Mr. Foxworth said Ms. Hambrick denied that she needed medical attention during their May 11 conversation. On May 12, he completed a First Report of Injury. Mr. Foxworth said she "alleged" she needed medical treatment in mid-June. UPS did not offer treatment until June 15; she selected Concentra from a panel. Ms. Hambrick testified that she went to Concentra that same day, but she introduced no records from the visit.

Ms. Hambrick stated that her insurance paid for some of the bills from her treatment. She asked the Court to order UPS to pay her outstanding medical bills, but she did not introduce any bills into evidence. She said she missed multiple days of work but provided no proof of the number of days missed or that those missed days resulted from this injury. Ms. Hambrick further stated that she still suffers from occasional headaches and blurred vision, but she no longer seeks additional medical treatment.

**Findings of Fact and Conclusions of Law**

Ms. Hambrick need not prove every element of her claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, she must present sufficient evidence that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Here, UPS acknowledged during testimony that it did not dispute that a package struck Ms. Hambrick in the head. So, the Court finds that Ms. Hambrick suffered an injury when a package hit her on the forehead while working at UPS on May 9, 2017.

Ms. Hambrick testified without contradiction that, on the date of injury, she told Ms. Storey about the incident at least three times. Mr. Foxworth acknowledged that Ms. Hambrick told him she reported the injury to Ms. Storey. UPS argued that the injury did not cause a need for medical treatment, apparently relying on Ms. Maness' testimony that the package weighed less than a cell phone and Ms. Hambrick's statement that she was okay after the box hit her.

The Court finds Ms. Hambrick to be a better historian than Ms. Maness. Ms. Hambrick remembered and conveyed the events of May 9 and the following days in detail, while Ms. Maness was unable to recall whether Ms. Hambrick was crying after the incident or whether she said she vomited. In observing the witnesses and evaluating their testimony, the Court gives greater weight to Ms. Hambrick's testimony that the package weighed five pounds and that she needed and requested medical treatment on the same

3

day.

While the Court heard extensive testimony regarding Ms. Hambrick's May 1 assault, the medical records from her treatment following the assault do not state that she suffered a concussion; rather, she suffered a concussion after the May 9 incident. Further, Mr. Foxworth acknowledged he read the May 1 medical records. Regardless, he apparently relied on Ms. Storey's characterization that the injury related to the assault rather than the work incident. As laypersons, Ms. Storey and Mr. Foxworth are not qualified to give an opinion on medical causation. *See Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *16-18 (Feb. 14, 2018) ("[P]arties and their lawyers cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments.") Therefore, on the present record, the Court holds Ms. Hambrick suffered an injury arising primarily out of and in the course and scope of her employment at UPS on May 9.

The Court now turns to Ms. Hambrick's requested relief. Tennessee Code Annotated section 50-6-204(a)(1)(A) provides that employers must provide medical and surgical treatment made reasonably necessary by a workplace accident free of charge to the injured employee. The proof is undisputed that UPS provided no medical care on the day of the injury. In fact, UPS first provided a panel on June 15, more than a month after the injury. Ms. Hambrick sought emergency medical treatment on her own on May 9. The medical records clearly described the work injury. Her only request of UPS was to "do the right thing: pay the medical bills." However, Ms. Hambrick did not introduce the bills into evidence, and because of this lack of proof, the Court cannot order payment. *See Osborne v. Beacon Transp., LLC,* 2016 TN Wrk. Comp. App. Bd. LEXIS 49, at *9-10 (Sept. 27, 2016). This holding does not prevent her from presenting additional evidence on this issue at a later hearing. In addition, Ms. Hambrick offered no proof regarding missed work and its relationship to this injury, and the Court likewise cannot award temporary disability benefits at this time.

In conclusion, as a matter of law, Ms. Hambrick came forward with sufficient evidence from which this Court concludes that she is likely to prevail at a hearing on the merits that her injury arose primarily out of and in the course and scope of her employment. She is entitled to the medical benefits under Tennessee Code Annotated section 50-6-204(a)(1)(A). However, her requests for payment of medical bills and temporary disability benefits are denied at this time.

4

**IT IS SO ORDERED.**

This case is set for a Scheduling Hearing on **July 31, 2018, at 8:30 a.m. Central.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Hearing. Failure to call may result in a determination of the issues without your participation.

**ENTERED May 24, 2018.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Affidavit of Stephanie Hambrick
2. Medical Records
3. First Report of Injury
4. Choice of Physician form
5. Wage statement
6. Springfield Police Department Incident Report (Identification Only)
7. Concentra records (Identification only)
8. Off-work slip, NorthCrest Internal Medicine, June 1, 2017 (Identification only)
9. Off-work slip, NorthCrest Internal Medicine, June 6, 2017 (Identification only)
10. Short-Term Disability Claim (Identification only)

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice/Employer's Additional Issues
3. Request for Expedited Hearing
4. Employer's Witness List
5. Employer's Exhibit List

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent to these recipients by the following methods of service on May 24, 2018.

| Name | Certified Mail | Regular mail | Email | Sent to |
|---|---|---|---|---|
| **Stephanie Hambrick, self-represented Employee** | x | | x | shambrick815@gmail.com; 305 N. Ivy Ct., Springfield, TN 37172-3465 |
| **David Hooper, Employer's attorney** | | | x | dhooper@hooperzinn.com; rlangin@hooperzinn.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
WC.CourtClerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL
### Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

    _____ Relationship: _____

    _____ Relationship: _____

    _____ Relationship: _____

    _____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month        Medical/Dental  $ _____ per month

Groceries          $ _____ per month         Telephone       $ _____ per month

Electricity        $ _____ per month         School Supplies $ _____ per month

Water              $ _____ per month         Clothing        $ _____ per month

Gas                $ _____ per month         Child Care      $ _____ per month

Transportation     $ _____ per month         Child Support   $ _____ per month

Car                $_____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____        (FMV) _____

Checking/Savings Acct.  $ _____

House                   $ _____        (FMV) _____

Other                   $ _____        Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____            _____

_____            _____

_____            _____

_____            _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                          RDA 11082